UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARVIN JOHNSON,
    Petitioner,

vs.

WARDEN, SOUTHERN OHIO
CORRECTIONAL FACILITY,
    Respondent.

Case No. 1:14-cv-036

Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Southern Ohio Correctional Facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on the petition, respondent's return of writ, petitioner's traverse, and respondent's reply. (Docs. 1, 5, 8, 9).

## I. FACTUAL BACKGROUND

The Ohio Court of Appeals, First Appellate District, provided the following summary of the facts that led to petitioner's convictions and sentence:[1]

> On the evening of March 17, 2009, Nick Swartsell and Catherine Leslie were walking on a sidewalk along Hamilton Avenue in the Northside area of Cincinnati. An individual passed them on a sidewalk and said hello to the couple. When the individual was approximately 15 feet in front of Swartsell and Leslie, he turned around and pointed a semiautomatic handgun at them. The couple noticed another individual behind them, also carrying a handgun.
>
> The armed individual in front of them demanded the couple's valuables. Leslie gave the gunmen items from her purse, while Swartsell gave them his wallet. Inside his wallet were Swartsell's driver's license and an uncashed payroll check. Afterward, the gunmen fled and Swartsell called the police.

---

[1] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Because petitioner has neither cited nor presented clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted herein, the state appellate court's factual findings are presumed to be correct. *See McAdoo v. Elo,* 365 F.3d 487, 493-94 (6th Cir. 2004).

> Three days later, two individuals were questioned after attempting to cash Swartsell's stolen payroll check at a bank in Covington, Kentucky. These individuals were Joe Watson and the defendant-appellant, Marvin Johnson. Watson, who was wanted for other crimes in Kenton County, Kentucky, was searched, and police discovered Swartsell's driver's license and paycheck on his person. While being detained in Kentucky, Watson was questioned by Cincinnati Police Detective Eric Schank. Based on this interview, Schank prepared a photo lineup with *Johnson's* photograph in it and showed the photos to Swartsell and Leslie separately. Swartsell identified Johnson as one of the individuals who had robbed him. Leslie identified Johnson from the photos, but indicated she was not "one-hundred-percent sure" that he was one of the gunmen. However, during Johnson's trial, she did positively identify Johnson as one of the perpetrators.

(Doc. 5, Ex. 7, pp. 1–2).

## II. PROCEDURAL HISTORY

### State Trial Proceedings

On April 21, 2009, the Hamilton County, Ohio grand jury returned an eight-count indictment charging petitioner with two counts of aggravated robbery, two counts of robbery, and one count each of having weapons while under disability, aggravated burglary, abduction, and domestic violence. (Doc. 5, Ex. 1). Petitioner pleaded not guilty to all counts charged in the indictment. (Doc. 5, Ex. 2). Following a jury trial, petitioner was found guilty of all charges. (Doc. 5, Ex. 3). Petitioner received a total aggregate prison sentence of seventeen years of imprisonment in the Ohio Department of Corrections. (*Id.* at 2).

### Direct Appeal

On October 23, 2009, petitioner, through counsel, filed a timely notice of appeal to the Ohio Court of Appeals. (Doc. 5, Ex. 4). Petitioner raised the following five assignments of error in his appellate brief:

1. The trial court erred as a matter of law and abused its discretion by permitting alleged other bad acts testimony into evidence to Johnson's prejudice.

2

2. The trial court erred to Johnson's prejudice by permitting the assistant prosecutor to ask repeated leading questions of State's witnesses.

3. Marvin Johnson was denied due process and was prejudiced by the State's misconduct in closing argument.

4. The evidence was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain Johnson's aggravated robbery with gun specification, robbery, and weapons under disability conviction.

5. The trial court erred as a matter of law and abused its discretion by imposing an excessive and improper sentence upon Marvin Johnson.

(Doc. 5, Ex. 5). On November 10, 2010, the Ohio appeals court overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 5, Ex. 7).

## Ohio Supreme Court

On December 27, 2010, petitioner, through counsel, filed a timely notice of appeal to the Ohio Supreme Court. (Doc. 5, Ex. 8). In his memorandum in support of jurisdiction, petitioner raised the following two propositions of law:

1. A closing argument that denigrates defense counsel and defense witnesses, and vouches for the credibility of State's witnesses, constitutes prosecutorial misconduct that deprives a defendant of due process of law. U.S. Const. amends. V and XIV; Ohio Const. Sec. 10, Art. I.

2. Before imposing consecutive sentences, Ohio trial courts must make the findings of fact specified by R.C. 2929.14(E)(4) in order to overcome the presumption favoring concurrent sentences in R.C. 2929.41(A).

(Doc. 5, Ex. 9). On March 16, 2011, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (Doc. 5, Ex. 11).

## Post-Conviction Relief

Meanwhile, on July 28, 2010, petitioner, through counsel, moved to vacate and set aside

3

petitioner's convictions and sentence based upon the ineffective assistance of trial counsel. (Doc. 5, Ex. 12). Petitioner also filed a pro se motion for resentencing on April 8, 2011, based on the trial court's failure to properly notify him that his post-release control was mandatory. (Doc. 5, Ex. 13). The trial court denied both motions. (Doc. 5, Ex. 14, 15). Petitioner did not appeal either decision.

### Federal Habeas Corpus

Petitioner filed the instant habeas petition through counsel on January 10, 2014. (Doc. 1). Petitioner raises the following ground for relief in the petition:

> **GROUND ONE**: The State's improper closing argument violated Mr. Johnson's 5th and 14th Amendment due process rights, and denied him a fair trial.
>
> **Supporting Facts**: Numerous improper statements made by the prosecution during closing argument deprived Mr. Johnson of his constitutional due process rights. Examples of the State's improper argument include accusing defense counsel of attempting to "subvert justice" by presenting an alibi defense, and calling a defense witness "punch drunk" and not "competent" to testify despite the fact that no court had determined that the witness was incompetent. Further, the prosecution opined that their own witnesses "were both extremely credible" and "presentable."

(Doc. 1, p. 6).

Respondent has filed a return of writ in opposition to the petition. According to Respondent, petitioner's sole ground for relief is procedurally defaulted and waived. (Doc. 5).

### III. THE PETITION SHOULD BE DENIED

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v.*

4

*Connor,* 404 U.S. 270, 275–76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir. 1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847–48; *Harris v. Reed,* 489 U.S. 255, 260–62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled under the procedural default doctrine that the federal habeas court may be barred from considering an issue of federal law from a judgment of a state court if the judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris,* 489 U.S. at 260–62. The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman,* 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something to

5

preserve the issue for appellate review. *United States v. Frady*, 456 U.S. 152, 167–69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

In the usual case, the adequate and independent state ground doctrine will not apply to bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar. *Harris*, 489 U.S. at 263; *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). In those cases where the last state court to render a reasoned opinion explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803–04 (1991). Moreover, in *Harris,* the Supreme Court explained that the rule requiring that the state court plainly state that its judgment rests on a state procedural default "applies only when a state court has been presented with the federal claim" raised by the state prisoner as a ground for federal habeas relief. *Harris,* 489 U.S. at 263 n.9; *see also Teague v. Lane,* 489 U.S. 288, 299 (1989) (plurality opinion) ("The rule announced in *Harris* . . . assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). The Court stated: "Of course, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Harris*, 489 U.S. at 263 n.9.

The rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the courts is deemed "adequate" or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia*, 498 U.S. 411, 423–24 (1991); *Richey v.*

*Mitchell*, 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten*, 201 F.3d 743, 751 (6th Cir. 2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (per curiam); *Warner v. United States*, 975 F.2d 1207, 1213 (6th Cir. 1992); *see also Rideau v. Russell*, 342 F. App'x 998, 1002 (6th Cir. 2009). To be considered regularly followed, a procedural rule need not be applied in every relevant case, but rather "[i]n the vast majority of cases." *Dugger v. Adams,* 489 U.S. 401, 410 n.6 (1989); *see also Byrd v. Collins,* 209 F.3d 486, 521 (6th Cir. 2000).

The Sixth Circuit employs a three-prong test, which was initially established in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), to determine if a claim is procedurally defaulted under the adequate and independent state ground doctrine:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010) (quoting *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001) (in turn quoting *Maupin*)); *see also Johnson v. Bradshaw*, 493 F. App'x 666, 669 (6th Cir. 2012). Under *Maupin* and as discussed above, if the three prerequisites are met for finding a claim is procedurally defaulted under the adequate and independent state ground doctrine, federal habeas corpus review of the defaulted claim is precluded unless the petitioner can demonstrate cause for and prejudice from his procedural default or that failure to consider the defaulted claim will result in a "fundamental miscarriage of justice." *Hoffner*, 622 F.3d at 495 (citing *Maupin*, 785 F.2d at 138); *Johnson*, 493 F. App'x at 669. *See also Coleman*, 501 U.S. at 750; *Harris*, 489 U.S. at 262; *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In this case, although petitioner raised his prosecutorial misconduct claims on direct appeal, the Ohio Court of Appeals found that petitioner failed to object to the alleged misconduct at trial and reviewed his assignment of error for plain error:

> In his third assignment of error, Johnson alleges multiple instances of misconduct during the prosecution's closing argument. Specifically, Johnson argues that the assistant prosecuting attorney (1) improperly vouched for his own witnesses' credibility; (2) called one of the defense witnesses "punch drunk," thereby denigrating the witness and defense counsel; and (3) improperly shifted the burden of proof to the defense. Because none of the comments were objected to at trial, plain error is again at issue.
>
> For a conviction to be reversed based upon prosecutorial misconduct, a reviewing court must determine that the prosecutor's remarks were improper and that they prejudicially affected the rights of the defendant. After thoroughly reviewing the trial transcript, we cannot say that the assistant prosecuting attorney's remarks were improper. He did not personally vouch for the credibility of his witnesses as alleged by Johnson; rather, he reviewed the jury instruction regarding the credibility of witnesses and attempted to point out how the prosecution's witnesses had been more credible than the defense witnesses. He also did not denigrate Johnson's witnesses or Johnson's attorney. The prosecutor's reference to one of the defense witnesses being "punch drunk" was merely a recapitulation of what the witness himself had actually implied on cross-examination while attempting to explain his memory problems. Finally, the prosecutor did not improperly shift the burden of proving Johnson's alleged alibi onto the defense. The comments in question were clearly made to cast doubt on the accuracy and truth of the alleged alibi. Because the assistant prosecuting attorney's comments did not give rise to plain error, we overrule Johnson's third assignment of error.

(Doc. 5, Ex. 7, pp. 3–4).

Ohio's contemporaneous objection rule is a firmly-established, adequate and independent state procedural rule, which serves to foreclose federal habeas review when relied on by the state courts as a basis for denying relief. *See, e.g., Goodwin v. Johnson,* 632 F.3d 301, 315 (6th Cir. 2011) (citing *Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir. 2001)); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *see also State v. Murphy,* 747 N.E.2d 765, 788 (Ohio 2001) (noting that Ohio's "waiver rule," which "requires that a party make a contemporaneous objection to alleged

trial error in order to preserve that error for appellate review," is "of long standing" and "goes to the heart of the adversary system of justice"). The Sixth Circuit has repeatedly held that "plain error" review by the state appellate court "constitutes enforcement of Ohio's contemporaneous objection rule." *See Williams v. Bagley*, 380 F.3d 932, 968–69 (6th Cir. 2004) (and Sixth Circuit cases cited therein); *see also Goodwin*, 632 F.3d at 315.

Petitioner contends that the Ohio courts considered the merits of his claims on direct appeal. (Doc. 8, pp. 13–14). However, the Ohio Court of Appeals clearly enforced the state procedural bar with respect to the alleged errors not objected to at trial by reviewing petitioner's assignment of error under plain error analysis. (*See* Doc. 5, Ex. 7, pp. 3–4) ("Because none of the comments were objected to at trial, plain error is again at issue. . . . Because the assistant prosecuting attorney's comments did not give rise to plain error, we overrule Johnson's third assignment of error."). As such, the state appellate court's plain-error review did not constitute a waiver of the state procedural default rules. *Seymour v. Weaver*, 224 F.3d 542, 557 (6th Cir. 2000); *see also Goodwin*, 632 F.3d at 315. The Ohio Supreme Court's later unexplained entry denying jurisdiction to hear petitioner's appeal must be presumed to rely on the same state procedural ground. *See Ylst*, 501 U.S. at 803. *See also Abshear v. Moore*, 354 F. App'x 964, 970 (6th Cir. 2009); *Knuckles v. Brigano*, 70 F. App'x 830, 840 (6th Cir. 2003).

Therefore, these claims are barred from review in this proceeding unless petitioner can demonstrate cause for and prejudice from his procedural default or that a fundamental miscarriage of justice will occur if the ground for relief is not considered on the merits by this Court. *See, e.g., Coleman*, 501 U.S. at 750; *Harris*, 489 U.S. at 262; *Murray*, 477 U.S. at 485. No such showing has been made in this case. Petitioner has not argued, much less demonstrated, cause for his

9

procedural default or that failure to consider his claims will result in a fundamental miscarriage of justice. To the extent that petitioner may claim that the ineffective assistance of trial counsel constitutes cause for his default, petitioner's argument is unavailing because petitioner defaulted any ineffective assistance of counsel claim by failing to fairly present the claim to the Ohio courts. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (noting that in order for a claim of ineffective assistance of counsel to serve as cause for a procedural default, the ineffective assistance claim must itself be presented to the state courts). Petitioner failed to appeal to the Ohio Supreme Court from the denial of his July 28, 2010, motion to vacate and set aside his convictions and sentence based upon the ineffective assistance of trial counsel. (*See* Doc. 5, Ex. 12). Therefore, petitioner may not rely on the ineffective assistance of trial counsel to excuse the procedural default because the ineffective assistance claim is itself procedurally defaulted.

Finally, petitioner has not demonstrated that a fundamental miscarriage of justice will occur if his procedurally-defaulted claims for relief are not considered or, in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. *See also Schlup v. Delo,* 513 U.S. 298, 327 (1995); *Bonilla*, 370 F.3d at 498. To establish a credible claim of actual innocence sufficient to excuse his procedural defaults, petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324.

Petitioner must also show "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, including that evidence alleged "to have become available only after the trial." *Id.* at 327–28. "[A] petitioner does not

meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. The Court notes that actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). *See also Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). The actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Schlup*, 513 U.S. at 321.

Petitioner has failed to establish a credible claim of actual innocence under the *Schlup* standard, as he has not supported his allegations of constitutional error with any new evidence of innocence. Petitioner instead argues the merits of his constitutional claims based on the evidence presented at trial. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316. Therefore, petitioner has not demonstrated that his procedural defaults should be excused under the "fundamental miscarriage of justice" exception and the Court is unable to reach the merits of his constitutional claims.

Accordingly, having found that petitioner procedurally defaulted and waived the claims raised in Ground One, petitioner's sole ground for relief, petitioner's habeas petition should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[2]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 3/23/15

Karen L. Litkovitz
United States Magistrate Judge

---

[2] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARVIN JOHNSON,
Petitioner,

vs.

WARDEN, SOUTHERN OHIO
CORRECTIONAL FACILITY,
Respondent.

Case No. 1:14-cv-036

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).